IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JESSIE MABLE,<br><br>　　　　　　　Plaintiff<br><br>VS.<br><br>SGT. SPRIGGLE,<br><br>　　　　　　　Defendant | **NO. 1:09-CV-04 (CWH)**<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## O R D E R

Defendant SGT. SPRIGGLE has filed a motion seeking the dismissal of this action based on the plaintiff's failure to prosecute this matter. Tab #26. Plaintiff Mable filed this action on January 7, 2009. Since filing a consent to proceed before the Magistrate Judge on April 17, 2009, the plaintiff has taken no action in this matter and has had no contact with the court. On December 2, 2009, the plaintiff's service copy of a November 24, 2009, order was returned as undeliverable.

Based on the record of inactivity herein and plaintiff Mable's apparent failure to keep the court informed as to his current address, the court on December 4, 2009 ordered him to show cause as to why this matter should not be dismissed. Plaintiff's service copy of this order has also been returned as undeliverable. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of plaintiff Mable. He has had no communication with the court since April 17, 2009, and has clearly failed to inform the court as to his current address. Inasmuch as the plaintiff has failed to respond to the court's show cause order and has failed to keep the court informed as to his current address, defendant's MOTION TO DISMISS is hereby **GRANTED** and this action is **DISMISSED**.

SO ORDERED AND DIRECTED, this 6th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE